Tompkins, J.,
delivered the opinion of the Court.
Hunt sued Schlatter, in the Circuit Court, and Schlatter being a non-resident of this State, Hunt obtained an order to attach his-property here. Judgment was given for Hunt; and to reverse that judgment, Schlatter prosecutes his writ of error. The form of the action is assumpsit. From the exceptions taken, it appears that counsel moved for Schlatter to dissolve the attachment, for the insufficiency of the affidavit filed, to procure that attachment, and his motion being overruled, he, by consent, pleaded to the action. In 1816, Hunt purchased of Schlatter, merchandize, amounting, with interest charged thereon, to $5,628 50, and gave, in part payment, three *464 notes, drawn by Maurice and J. T. Langham, in favor of Ralph Davis, and by him endorsed to Hunt, and by Hunt endorsed to Sheets, his agent, who endorsed to Schlatter, and deliveied them over at. the time of the purchase. On 21st October, Schlatter addressed a letter to Hunt, inclosing an account, stating a balance against Hunt, and requestiug him to pay it to Robert Collet. It was proved by the deposition of Vanwick, that on 31st Ocober, 1817, Joseph Lyon was in the employ of Schlatter, as clerk, and that an account of that date, set forth in the bill of exceptions, and attached to Vanwick’s deposition, was in the hand-writing of Lyon, and subscribed by him. In the account referred to, the goods sold to Hunt are charged, and the three notes above mentioned credited on the same day, including sundry debits and credits, and a balance is struck against Hunt, of $570 25-100. II was in. evidence that Collet added to the account an item of $34 14, for interest due, and that Hunt then executed his note, payable to Joseph C. Drown, and that it was by Brown endorsed and delivered to Collet, who then executed to Hunt a receipt for his note, both of the same date, viz: 5th January, 1818, acknowledging the receipt thereof, on account of William Schlatter, Esq., of Philadelphia, which, when received, should be in full of his claim for principal and interest, to the date ; signed for William Schlatter — Robert Collet. The note was to be paid at the Dank of St., Louis. On the trial, these endorsements were found : J. C. Brown, Robert Collet, Henry S. Dodge, T. Collet and Daily, received payment, May 20th, 1818, for Bank of St. Louis; Wrn. M. 'O’Hara, teller. Tim hand-writing of R. Collet and of O’Hara were proved. It was proved by the depositions of John T. Langham, one of the makers of the above-mentioned notes, that the first note of $550, was paid to Schlatter, and that $1,000 were paid on second note of $1,500; and that Schlatter, finding some difficulty in collecting the balance, amounting, with the note of $3,000, to $3,500 of principal, received for it $2,600‘, in full satisfaction, and delivered up the notes, and executed acquittances to the drawers. This statement of Langham is corroborated by the letters of Schlatter to Hunt, and to James Clemens, dated 2d and 10th May, 1822, all set out in the bill of exceptions. On 28th July, 1817, before Langham’s second note, of $1,500, became due, and before the date of the letter of Schlatter to Hunt, stating the balance due, and directing payment to be made to Collet, as above stated, Schlatter commenced suit against Hunt, by attachment in Philadelphia, and attached his money in the hands of Adams, Knox and Nixon, and recovered from them $1,357 of that money. This appears from the deposition of John ICnox, of the house of Adams, ICnox and Nixon. It is assigned for error,
First. That the Court erred in refusing to dissolve the attachment.
Second. The Court erred in admitting the depositions offered in this case to he read.
Third. The Court erred in admitting the accounts and- receipts, in record mentioned, to be read to the jury.
Fourth.. The Court erred in permitting the record of a suit from Pennsylvania to-be read.
Fifth. The Court erred in refusing the instructions prayed by the defendant’* counsel.
Sixth. The Court erred in the instructions given to the jury.
Seventh. The Court erred in every decision made. Of the three last assignment* of error, to wit, the fiñh, sixth and seventh, nothing need be said; they are so gene *465 ral, that they direct the mind to nothing, except the record, which was as well done hy the general assignment of errors, also passed over without notice.
The first error assigned, is, that the Court erred in refusing to dissolve the attachment. It is useless to decide this point, because it can he no way material, whether the affidavit he good or not, in this stage of the proceedings. The defendant has appeared, and the judgment of the Circuit Court is not to he reversed, because the affidavit may have been insufficient.
Second assignment of errors. The depositions are objected to, first, because they are not sufficiently authenticated, and because it has not been proved, as alledged, that notice was served, and it was not proved that the deponents were persons whose depositions could be taken, agreeably to law. We find no exceptions filed to these depositions. By a rule made by this Court, for the government of the Circuit Courts, exceptions were required to be filed, otherwise the depositions were to be read unless they contained inadmissible evidence. As we have not been advised that the Circuit Court has, either directly or indirectly, abolished this rule, we will presume it is yet in force. It is, therefore, presumed, that at the trial, these objections were waived. Second, because John T. Langham and Knox were incompetent witnesses. Knox testified that Hunt’s money was taken out of the hands of Adams, Knox and Nixon, of whom the deponent was one, by legal process at the suit of Schlatter. The record, also, was in evidence. Knox could not be made liable to Hunt, except by proving fraud and collusion, between him and Schlatter. Langham deposed, that Schlatter had settled with him, and' received payment of the notes, as was above stated. The letters of Schlatter afford evidence enough of the discharge of Langliam, to make him a competent witness. Schlatter had the only interest in the notes, and the receipt given by him to the Langham's, was an extinguishment of his interest: see Peake, 156. Third error: The Court erred in admitting the accounts and receipts, in the record mentioned, to he read. The objection is, that the account should have been proved by Lyon, the writer, and not by Yanwick, unless the non-production of Lyon had been accounted for; the evidence of Yanwick is admissible, without giving any account of Lyon’s. Lyon was no subscribing witness. The receipts of Schlatter to Langham, was not material. In this case, the payment of the money by him to Schlatter, was all that was necessary for him to prove. In a receipt between Langham and Schlatter, the receipt might have been the only competent evidence of the payment of that money. It did not belong to Hunt, and it is not the foundation of his suit. Fourth error: The record is that of the suit by attachment, brought hy Schlatter, as above mentioned, against Hunt, in Philadelphia. It was well admitted in evidence. A judgment, in such an action, is no evidence of money due to the plaintiff; it is only a permission to sell the property attached, in some eases given hy law. And should Hunt sue Schlatter in Pennsylvania, on his bond, filed at the commencement of his suit, there he might,, no doubt, well plead in bar the judgment obtained here. It has been twice decided, in our own Courts, that such a judgment is not sufficient ground for an action to be-maintained on, and that the plaintiff must resort to his original cause of action-Upon the whole, it is the opinion of the Court, that there was no improper evidence admitted, and that there was sufficient evidence before the jury, to justify them in finding the verdict. Schlatter made the notes his own, and lost all claim on Hunt for the amount of them, by making the adjustment with the Langhams. The bal-» anee of Hunt’s debt to him, the jury must have believed to have been paid to Robert *466 Collet, and any money of Hunt’s, which he may have received, over and above what was due to him from Hunt, is well sued for, as money had and received to the use of Hunt.
The judgment of the Circuit Court is affirmed, and the defendant in error is allowed five per cent, damages.
The petition for re-hcaring is overruled. One ground of the decision of the Court is, that the judgment on attachment from the State of Pennsylvania, set out in the record, is not, under the Constitution and laws of the United States, conclusive between the parties in this action, as to the subject matter of said attachment-